UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

ANTONIO C. GONZALEZ ,

Petitioner,

v.

WARDEN ALICIA CARVER,

Respondent.

Case No. 1:26-cv-00233-AKB

**SUCCESSIVE REVIEW ORDER**

Idaho prisoner Antonio Gonzalez filed this habeas corpus case. On July 24, 2026, the Court reviewed the initial petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules") and determined that the petition appeared subject to summary dismissal as untimely. *Initial Review Order,* Dkt. 9. The Court gave Petitioner an opportunity to file an amended petition, which Petitioner has now done. Dkt. 10.

However, the Amended Petition does not establish that the initial petition was filed within the one-year statute of limitations for habeas corpus petitions. *See* 28 U.S.C. § 2244(d). Petitioner states that he is entitled to application of the actual innocence exception to the statute of limitations, notwithstanding the fact that he has not produced any new, reliable evidence of innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar … or, as in this case, expiration of the statute of limitations."); *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (stating that, to be entitled to the actual innocence exception, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented

at trial"). Petitioner claims that the *Schlup* standard is not the only standard that applies to actual innocence gateway claims.

Citing *Bousley v. United States*, 523 U.S. 614 (1998), Petitioner claims that an alleged trial error in his case—the admission of evidence of Petitioner's post-*Miranda* silence—entitles him to a hearing on actual innocence. Dkt. 10-1 at 16. Petitioner's reliance on *Bousley* is misplaced. *Bousley* did not alter *Schlup*'s requirement that a petitioner invoking the actual innocence exception must produce new reliable evidence of innocence. Instead, the Court in *Bousley* remanded for the federal district court to consider an actual innocence argument because it had not previously done so. 523 U.S. at 624.

A habeas petitioner is not entitled to an evidentiary hearing on the actual innocence exception simply by claiming innocence. Instead, to warrant such a hearing, the petitioner must produce "new evidence" which "if credible, and considered in light of all the evidence," could establish factual innocence. *Jaramillo v. Stewart*, 340 F.3d 877, 883 (9th Cir. 2003); *see also Majoy v. Roe*, 296 F.3d 770, 776 (9th Cir. 2002) (remanding for evidentiary hearing because, "if a factfinder should conclude that [the new evidence is] credible, and that in light of [all of the] evidence [the petitioner did not commit the crime], then the *Schlup* gateway would seem to open").

That is, a petitioner must produce at least some new evidence to be entitled to an evidentiary hearing on an actual innocence gateway claim. Petitioner has not done so.

**ACCORDINGLY, IT IS ORDERED:**

1. For the reasons stated in the Initial Review Order and in this Order, the Amended Petition for Writ of Habeas Corpus (Dkt. 10) is DISMISSED with prejudice as untimely.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11.

DATED: October 14, 2026

Amanda K. Brailsford
U.S. District Court Judge